UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD J. LANIER, | ) | CASE NO. 3:21-cv-01523 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN CHARMAINE BRACY | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong recommending that pro se Petitioner Leonard J. Lanier's request for habeas relief pursuant to 28 U.S.C. § 2254 be denied and the claims dismissed. (Doc. No. 13.) Also before the Court is Petitioner's motion to stay this Court's decision on the R&R and for leave to file a traverse (Doc. No. 14).

For the reasons that follow, Petitioner's motion to stay and for leave to file a traverse is DENIED. The R&R is ACCEPTED, and the petition is DENIED in its entirety.

I. **Motion to Stay and Motion for Leave to File Traverse**

On August 5, 2021, Petitioner filed a petition a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In it, Petitioner listed his inmate number and stated that he was confined to the Trumbull Correctional Institution ("TCI") at P.O. Box 901, Leavittsburg, Ohio 44430. (*Id*. at 1.)[1] One reference to his address also included 5701 Burnett Road, which is the street address for the facility. (*Id*. at 1; *see also* http://www.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

drc.ohio.gov/about/facilities/Trumbull-correctional.)  The return address handwritten on the envelope was "T.C.I. P.O[.] Box 901, Leavittsburg, OH 44430."  (Doc. 1-2 at 17.)

On September 21, 2021, the parties were ordered as follows: "Respondent to file an answer ("Return of Writ") to the petition within 60 days from the date of this order; Petitioner to file a reply by way of a Traverse within 30 days from the filing of Respondent's answer; Respondent shall have 15 days from the filing of Petitioner's Traverse to respond.  (9/21/2021 Order.)  A copy of this Order was mailed to "Leonard J. Lanier, #697-645, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430."  The docket does not indicate that this mailing was returned to the Court.

On March 31, 2022, Respondent timely answered the petition.[2]  (Doc. No. 12.)  The certificate of service noted service by mail to "Petitioner Leonard J. Lanier, #697-645, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430[.]"

On October 30, 2023, the Court entered an Order noting Petitioner's failure to submit an ordering that any traverse to be considered by the Court must be submitted on or before December 29, 2023.  (10/30/2023 Order.)  The Court's order also informed Petitioner that "[s]hould a traverse not be filed by said date, the court will proceed to consider the writ."  (*Id.*)  This Order was mailed to "Leonard J. Lanier, #697-645, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430" the same day.  The docket does not indicate that this mailing was returned to the Court.

Petitioner did not file a traverse.

---

[2] Respondent sought and obtained extensions of time, the last of which was denied as moot because the return of writ had already been filed.  (*See* Doc. Nos. 8, 10, and 7/27/2022 Order.)

On April 10, 2024, the R&R was issued.  (Doc. No. 13.)  The R&R established April 24, 2024, as the deadline for submitting objections.  (*Id.* at 612-13.)  The R&R was mailed that same day to "Leonard J. Lanier, #697-645, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, Ohio 44430."  The docket does not indicate that this mailing was returned to the Court.

Neither Petitioner nor Respondent objected to the R&R.

On May 20, 2024, Petitioner filed a motion to stay this Court's decision on the R&R and for leave to file a traverse.  (Doc No. 14.)  In it, he claims to have not received a copy of the R&R until May 2, 2024.  (*Id.* at 614.)  Petitioner claims that "the R&R is "the first document of any sort that he has received from this Court or counsel for Respondent, the Ohio Attorney General, since he mailed out his petition in July of 2021," and that he "never received a copy of Respondent's answer/return of writ, nor did he receive an order or anything else from the Magistrate," instead spending " the last two years awaiting the return of writ so that he could file his traverse."  (*Id.* at 614-15.)

In support of the relief he now seeks, Petitioner asserts that there are "ongoing issues with the delivery of legal mail at TCI."  (*Id.*)  Petitioner claims that under "administrative rule 5120-9-17(B)(2)," mail without a valid control number "may be treated as regular, non-legal mail" and is not "afforded the protections of legal mail."  (*Id.* (citing Ohio Admin. Code § 5120-9-17(B)(2) (effective April 8, 2022)).)  To Petitioner, enforcement of this rule has "resulted in the mishandling of, the delayed delivery of, and the likely loss of untold numbers of inmate legal mailings."  (*Id.*)  And more specifically to this matter, Petitioner represents that another inmate received the R&R mailed by this Court and is the person who provided the copy to Petitioner.

(*Id.* at 616.) Petitioner also takes issue with "how carelessly the R&R was copied" because it shows no electronic stamp or a stamp that appears skewed. (*Id.*)

In further support of his arguments concerning issues with the mail, Petitioner cites an order issued by a jurist in the Southern District of Ohio requiring that mailings to the *pro se* plaintiff be treated "as legal mail going forward regardless of whether it bears a control number." (*Id.* (citing *Vison v. Brown*, No. 2:23-cv-80, 2024 U.S. Dist. LEXIS 4128 (S.D. Ohio Jan. 8, 2024).) While this decision is informative, it is by no means determinative of a systematic problem with *Petitioner's* mail given the information submitted by Respondent.

Respondent's opposition brief attaches evidentiary support directly contradicting Petitioner's assertion that he has never received any mail at all – from the Court or from the Ohio Attorney General's Office – at any time since filing his petition in 2021. (Doc. No. 15.) Consistent with the certificate of service attached to the return of writ, the "warden filed and mailed to [Petitioner] the answer and the state court record in this case on March 31, 2022." (*Id.* at 621 (citing Doc. No. 12).)[3] Respondent provided a prison mail log dated April 6, 2022. On that date, Petitioner signed for two pieces of mail from the Ohio Attorney General's Office. (*Id.*;

---

[3] On August 5, 2021, Petitioner filed a notification of change of address. The notice was docketed the same day as the petition and stated that Petitioner's address – "as of Wed 7/14/2021" – is "Leonard Lanier 697-645, T.C.I[.] P.O Box 5701 Burnett Road, Leavittsburg, OH 44430.) (*See* Doc. No. 3 at 20.) This is the same address, save the missing number for the P.O. Box, reflected in his petition. In his motion to stay, Petitioner lists his address as Trumbull Correctional Inst., P.O. Box 640, Leavittsburg, Ohio 44430. (Doc. No. 14 at 617.) However, the envelope accompanying this motion lists P.O. Box 901 in the return address. (*Id.* at 620.) The Ohio Department of Rehabilitation and Correction website provides that individuals incarcerated at Trumbull Correctional *Institution* receive mail at P.O. Box 901, Leavittsburg, OH 44430. (drc.ohio.gov/about/facilities/Trumbull-correctional.) Individuals incarcerated at Trumbull Correctional *Center* receive mail at the same address, but mailings should indicate P.O. Box 640. (*Id.*) Petitioner has neither informed the Court nor represented in any filing that he is incarcerated at Trumbull Correctional Center. Indeed, his motion to stay expressly states he "is presently incarcerated at Trumbull Correctional Institution (TCI) . . . ." (Doc. No. 14.)

*see also* Doc. No. 15-1.)  Petitioner "did in fact receive the return of writ and state court record in a timely manner . . ."(Doc. No. 15 at 621.)  By Petitioner's own statement, receiving the return of writ would have prompted the submission of a traverse.  He did receive and sign for the return of writ, but he did not file any traverse.

Petitioner's assertion that he never received any mail at any time from the Court or the Ohio Attorney General has been disproven.  Respondent has demonstrated that Petitioner received and signed for the return of writ and his state court record.  All other mailings from this Court and the Ohio Attorney General were mailed to the same address.  The docket does not reflect that any of the Court's mailings to Petitioner were ever returned.  With Petitioner's express denial about receiving the return of writ disproven, denials that he received any other piece of mail sent to him at the same address are not credible.  Accordingly, Petitioner has not shown that "exceptional circumstances" warrant staying the Court's decision and allowing Petitioner to file a traverse.  *King v. Brown*, 948 F.2d 1289 (Table), 1991 WL 241984, at *1 (6th Cir. 1991) (affirming district court's grant of summary judgment where petitioner did not show that his mail was "tampered with or delayed").  Petitioner's motion to stay and for leave to file a traverse (Doc. No. 14) is DENIED.

II.     **Report and Recommendation**

Under the relevant statute, once a magistrate judge issues a report and recommendation:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C) (flush language).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).  Thus, the failure to file written objections to a magistrate judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of any issue addressed in the report and recommendation.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

As established above, neither party filed objections to the R&R.  By failing to object, the parties here waived *de novo* review.  *See Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings.").  Notwithstanding, the Court has fully reviewed the R&R and agrees with its recommendations.

For the reasons above, Petitioner's motion to stay and for leave to file a traverse is DENIED.  The R&R is ACCEPTED and the petition is DENIED in its entirety.  The Court further CERTIFIES that an appeal could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date:  September 6, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE